OPINION
{¶ 1} Defendant-appellant Mark Sarver appeals from his sentence and classification as a sexual predator, following his conviction for Rape. He contends that the evidence in the record is insufficient to support the sexual predator classification and that the trial court erred in failing to sentence him to the minimum term of imprisonment.
 {¶ 2} We conclude that the record contains clear and convincing evidence to support the trial court's decision classifying Sarver as a sexual predator. We further conclude that the trial court did not abuse its discretion in sentencing. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} On September 1, 2000, the victim, a thirteen-year-old girl, presented to Mercy Memorial Hospital, in Champaign County, with a history of being sexually abused by her mother's live-in boyfriend, Mark Sarver. Medical providers at the hospital contacted the Urbana Police Department, which began an investigation.
 {¶ 4} The victim's medical records indicate that Sarver began sexually abusing her when she was ten, and that the abuse began with Sarver touching her breasts, then escalated to touching her genitals, finally culminating in sexual intercourse. The victim told police investigators that there were multiple acts of vaginal intercourse over the course of three years and that Sarver wore condoms. The victim also indicated that she and Sarver engaged in multiple acts of oral sex. The victim further told investigators that Sarver would drag her into the bedroom to perform these acts, and that she felt compelled to comply with his demands so that she "wouldn't get hit." She also said that Sarver threatened to hit her if she told anyone about the abuse.
 {¶ 5} Sarver admitted to investigators that the victim performed oral sex on him on three separate occasions in August of 1999 and in February and August of 2000. He further admitted that on other occasions he and the victim would be naked and he would have her rub her vagina over his penis as he lay on his back. He acknowledged that he was not sure whether his penis penetrated her vagina, but that it may have.
 {¶ 6} Sarver was indicted in September, 2000 on three counts of Rape of a person under the age of thirteen and one count of Rape by force or threat of force. Sarver entered a guilty plea on the counts of Rape of a person under thirteen, and the remaining count was dismissed. Subsequently, Sarver filed a motion to withdraw his plea, which was granted by the trial court. In November, Sarver pleaded guilty to one count of Rape, a felony in the first degree. The State agreed to dismiss the force specification on that count and to dismiss all remaining charges. A hearing on sentencing and sexual offender status was held during which the trial court classified Sarver as a sexual predator and sentenced him to nine years in prison. From this judgment Sarver appeals.
 II {¶ 7} Sarver's First Assignment of Error is as follows:
 {¶ 8} "The court's finding that the appellant was a sexual predator was against the weight and sufficiency of the evidence."
 {¶ 9} Sarver maintains there is insufficient evidence to support the trial court's finding that he is a sexual predator. Specifically, he claims that the evidence does not demonstrate that he is likely to engage in the future in one or more sexually oriented offenses. He further claims that the record shows that he has no prior criminal record and that force was not an issue in this case.
 {¶ 10} R.C. 2950.09(B)(4) provides that a trial court must determine by "clear and convincing evidence whether the subject offender * * * is a sexual predator." A "sexual predator" is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented crimes." R.C. 2950.01(E)(1). Clear and convincing evidence is defined as an intermediate degree of proof that requires more than a mere preponderance of the evidence, but is less demanding than a finding beyond reasonable doubt. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citation omitted. A reviewing court must examine the entire record to determine whether the evidence satisfies the clear and convincing standard. Id.
 {¶ 11} Pursuant to R.C. 2950.09(B)(2) and (3), in making a sexual predator determination, a trial court "shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 12} "(a) The offender's * * * age;
 {¶ 13} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 16} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 19} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 22} In this case, the trial court stated at the sentencing hearing that there was a "demonstrated pattern of abuse and sexual conduct" even though "there is only a conviction of one of those offenses," and that Sarver's conduct with the victim became more aggressive over time.
 {¶ 23} In its judgment entry, the court set forth the following:
 {¶ 24} "* * * [T]he Court has reviewed the entire case folder, all the filings, and the exhibits that have been made in the case * * *.
 {¶ 25} "After considering all the information in the case, including the presentence investigation report and the factors listed in Ohio Revised [Code] § 2950.09, which factors were reviewed by the Prosecutor in court, the court finds by clear and convincing evidence that [Sarver] is a sexual predator. * * *
 {¶ 26} "The factors that support the Court's determination include the following:
 {¶ 27} "1. The Defendant's age of 30 compared to the victim's age of 12.
 {¶ 28} "2. The nature of the sexually-oriented offense of which Defendant is found guilty.
 {¶ 29} "3. The overall pattern of conduct of the Defendant.
 {¶ 30} "4. The time period involved in Defendant's activity.
 {¶ 31} "5. The position of authority and trust held by the Defendant in relation to the victim.
 {¶ 32} "6. The psychological and emotional harm suffered by the victim.
 {¶ 33} "7. The pattern of abuse admitted by Defendant.
 {¶ 34} "8. The Defendant's conduct on bond when he contacted the victim and her family in violation of Court order.
 {¶ 35} "In making these findings, the Court specifically considered the statement of Defendant and the victim as found in the Presentence Investigation Report."
 {¶ 36} From our review of the record, we agree with Sarver's observation that he had no prior criminal record. However, this is just one of many factors that the trial court is permitted to consider. We conclude that the record clearly demonstrates that Sarver held a position of trust and authority over the victim, both as a result of the difference in their ages and as a result of the fact that he was essentially acting as a father-figure to the victim. It is also clear from the record that, although Sarver was only convicted of one offense, as a result of a plea agreement, there was a pattern of abuse occurring over an extended period of time. Sarver admitted to having the victim perform oral sex on him on three separate occasions. He also admitted that he would have her get undressed and rub her vaginal area over his penis. While he stated that he did not think he penetrated the victim vaginally, he also admitted that he may have.
 {¶ 37} There is evidence from the victim that he forced the victim to engage in sexual intercourse with him and that he threatened her with violence if she told anyone. Also, the record shows that after the charges were made, Sarver began to harass the victim and her family by placing almost forty telephone calls to their residence over a four-day period. This activity resulted in the termination of Sarver's bond pending trial. Sarver's stated reason for committing the offenses is that his girlfriend, the victim's mother, had initiated sexual contact but had left him "high and dry," so that in his frustration, he turned to the victim. This suggests that Sarver is unable to control inappropriate sexual urges, which obviously makes him more likely to re-offend.
 {¶ 38} Trial courts are given wide discretion in deciding how much weight, if any, they give to each of the factors. State v. Thompson
(2001), 92 Ohio St.3d 584, paragraph one of the syllabus. We cannot say that the trial court abused its discretion in finding that Sarver is a sexual predator, based upon the above-cited factors.
 {¶ 39} From our review of the record, we conclude that there is clear, convincing evidence to support the trial court's determination that Sarver is a sexual predator. Therefore, Sarver's first assignment of error is overruled.
 III {¶ 40} Sarver's Second Assignment of Error is as follows:
 {¶ 41} "The court incorrectly applied the sentencing factors of sections 2929.12 and 2929.14(b) orc in sentencing the appellant to a term exceeding the minimum term of imprisonment."
 {¶ 42} Sarver contends that the trial court erred by sentencing him to more than the minimum term for his offense. He argues that the record fails to demonstrate that he used force, that he is likely to re-offend, or that he has a prior criminal record. Therefore, he contends that the trial court was required to impose the minimum sentence.
 {¶ 43} R.C. 2929.14(A)(1) provides that a trial court may impose a sentence of from three to ten years for a felony of the first degree.
 {¶ 44} R.C. 2929.14(B) reads as follows:
 {¶ 45} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 46} This statute does not "require that the trial court give itsreasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324, 326,1999-Ohio-110.
 {¶ 47} In this case, the trial court specifically stated that it did not impose the minimum sentence because it found that to do so would demean the seriousness of the offense and fail to adequately protect the public. We conclude that the trial court did not abuse its discretion in making this finding.
 {¶ 48} The record in this case indicates that force was used against the victim, contrary to Sarver's claims. It further shows that the victim was threatened with harm if she revealed the abuse, and that Sarver then harassed the victim and her family while out on bail. The record further shows that there was a pattern of conduct of long-term sexual abuse of the twelve-year-old victim, over whom Sarver exerted control and authority. Based upon this record, we conclude that the trial court did not abuse its discretion in imposing a prison term longer than the minimum set forth in R.C. 2929.14(A)(1).
 {¶ 49} Sarver's Second Assignment of Error is overruled.
 IV {¶ 50} Both of Sarver's assignments of error being overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.